UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/27/2024
```

JULIE A. SU,[1]
Acting Secretary of Labor,
United States Department of Labor,

        *Plaintiff*,

        v.

MBB SERVICES INC., d/b/a MBB 1881 Tremont;
TREMONT GAS INC., d/b/a Sunoco Tremont Bronx;
BIBA REALTY CORP., d/b/a Sunoco Bronx; 136 N
WELLWOOD AVE GAS INC., d/b/a Sunoco
Lindenhurst; 150 FULTON STREET INC., d/b/a
Sunoco Food Mart; 278 W MAIN ST INC., d/b/a
Mobil; 635 EAST MAIN ST., INC., d/b/a Mobil
Kings Park; HILLSIDE- LAKEVILLE SERVICE
INC., d/b/a 720 Hillside Sunoco; 771 PENINSULA
BLVD INC., d/b/a Hempstead BP; 848 WILLIS
AVENUE SERVICES INC., d/b/a Euro Gas
Albertson; HP GAS INC., d/b/a Sunoco Freeport;
INWOOD FUEL INC., d/b/a/ 24 Hours Minimart 105
Sheridan Blvd; INWOOD GAS INC., d/b/a/ Sunoco
Inwood; JTP GAS, INC., d/b/a JTP Floral Park; 1575
ROUTE 112 GAS INC., d/b/a US Petroleum, and
JAGJIT SINGH individually and as officer,

        *Defendants*.

No. 22-cv-2206 (JHR) (RWL)

**CONSENT JUDGMENT**

    Plaintiff, JULIE A. SU, the Acting Secretary of Labor, has filed her complaint and

Defendants MBB SERVICES INC., d/b/a MBB 1881 Tremont; TREMONT GAS INC., d/b/a

Sunoco Tremont Bronx; BIBA REALTY CORP., d/b/a Sunoco Bronx; 136 N WELLWOOD

AVE GAS INC., d/b/a Sunoco Lindenhurst; 150 FULTON STREET INC., d/b/a Sunoco Food

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Secretary of Labor Julie A. Su is automatically substituted as Plaintiff.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/27/2024
```

JULIE A. SU,[1]
Acting Secretary of Labor,
United States Department of Labor,

   *Plaintiff*,

    v.

MBB SERVICES INC., d/b/a MBB 1881 Tremont;
TREMONT GAS INC., d/b/a Sunoco Tremont Bronx;
BIBA REALTY CORP., d/b/a Sunoco Bronx; 136 N
WELLWOOD AVE GAS INC., d/b/a Sunoco
Lindenhurst; 150 FULTON STREET INC., d/b/a
Sunoco Food Mart; 278 W MAIN ST INC., d/b/a
Mobil; 635 EAST MAIN ST., INC., d/b/a Mobil
Kings Park; HILLSIDE- LAKEVILLE SERVICE
INC., d/b/a 720 Hillside Sunoco; 771 PENINSULA
BLVD INC., d/b/a Hempstead BP; 848 WILLIS
AVENUE SERVICES INC., d/b/a Euro Gas
Albertson; HP GAS INC., d/b/a Sunoco Freeport;
INWOOD FUEL INC., d/b/a/ 24 Hours Minimart 105
Sheridan Blvd; INWOOD GAS INC., d/b/a/ Sunoco
Inwood; JTP GAS, INC., d/b/a JTP Floral Park; 1575
ROUTE 112 GAS INC., d/b/a US Petroleum, and
JAGJIT SINGH individually and as officer,

   *Defendants*.

No. 22-cv-2206 (JHR) (RWL)

**CONSENT JUDGMENT**

   Plaintiff, JULIE A. SU, the Acting Secretary of Labor, has filed her complaint and

Defendants MBB SERVICES INC., d/b/a MBB 1881 Tremont; TREMONT GAS INC., d/b/a

Sunoco Tremont Bronx; BIBA REALTY CORP., d/b/a Sunoco Bronx; 136 N WELLWOOD

AVE GAS INC., d/b/a Sunoco Lindenhurst; 150 FULTON STREET INC., d/b/a Sunoco Food

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Acting Secretary of Labor Julie A. Su is
automatically substituted as Plaintiff.

Mart; 278 W MAIN ST INC., d/b/a Mobil; 635 EAST MAIN ST., INC., d/b/a Mobil Kings Park;

HILLSIDE- LAKEVILLE SERVICE INC., d/b/a 720 Hillside Sunoco; 771 PENINSULA BLVD

INC., d/b/a Hempstead BP; 848 WILLIS AVENUE SERVICES INC., d/b/a Euro Gas Albertson;

HP GAS INC., d/b/a Sunoco Freeport; INWOOD FUEL INC., d/b/a/ 24 Hours Minimart 105

Sheridan Blvd; INWOOD GAS INC., d/b/a/ Sunoco Inwood; JTP GAS, INC., d/b/a JTP Floral

Park; 1575 ROUTE 112 GAS INC., d/b/a US Petroleum (together, "Corporate Defendants"), and

JAGJIT SINGH (together with the Corporate Defendants, "Defendants") have appeared by

Counsel, and agree to the entry of this Consent Judgment without contest.

Defendants acknowledge that they have notice of and understand the provisions of this

Consent Judgment; acknowledge their responsibilities pursuant to this Consent Judgment; and

acknowledge that they may be subject to sanctions in contempt of this Court if they fail to

comply with the provisions of this Consent Judgment. Defendants submit to the jurisdiction of

this Court over them and over the subject matter of this action.  Defendants admit that this Court

has the authority to enter and enforce this Order and that this Court is the most appropriate venue

for any enforcement action that may be required as a result of this Judgment.

I.     The Acting Secretary's complaint alleges that Defendants willfully violated sections
       6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as
       amended (29 U.S.C. § 201 et seq.) ("the Act" or "the FLSA") by failing to pay their
       employees minimum wages and overtime wages, and failing to make, keep, and
       preserve adequate and accurate records.

II.    Corporate Defendants admit that from at least October 28, 2015 through October 25,
       2018 ("the relevant time period"), they were employers, within the meaning of
       Section 3(d) of the Act, 29 U.S.C. § 203(d), of cashiers and gas station attendants at

the Corporate Defendants' locations, including in Bronx, Nassau, and Suffolk counties in New York.

III.     Defendants admit that during the relevant time period, they were a covered enterprise under Sections 3(r) and 3(s) of the Act and that the provisions of the Act applied to Defendants.

IV.     Defendants otherwise neither admit nor deny the allegations of violations set forth in the Acting Secretary's complaint.

V.     In related administrative matters, the Wage and Hour Division of the U.S. Department of Labor assessed civil money penalties against Defendants pursuant to Section 16(e)(2) of the Act and the Act's implementing regulations at 29 C.F.R. Parts 578 to 580. The Acting Secretary has refrained from collection of the assessed civil money penalties during the pendency of this action.

It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown ORDERED that:

1.   Defendants, their officers, employees, agents, and all persons acting or claiming to act in Defendants' behalf and interest, be, and hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.), in any of the following manners:

a.   Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of

the Act, wages at rates less than those which are now, or which may in the future become, applicable under Section 6 of the Act.

**b.** Defendants shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates, as required by Section 7 of the Act and 29 C.F.R. Part 778.

**c.** Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 C.F.R. Part 516.

**d.** Defendants shall not discharge or take any retaliatory action against an employee, including soliciting the repayment of back wage compensation paid to any employee under this Consent Judgment or otherwise, because the employee engaged in or is believed to have engaged in any of the following activities:

> **i.** Discloses, protests, or threatens to disclose or protest, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

4

    **ii.**  Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship; or

    **iii.**  Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

  **e.**  Defendants, along with their officers, agents, and managers, shall not tell any of their employees not to speak to representatives of the United States Department of Labor ("U.S. Department of Labor"), or tell any of their employees to provide untruthful information to the U.S. Department of Labor regarding the terms or conditions of their employment, or otherwise obstruct or interfere with any investigative activities of the U.S. Department of Labor.

**2.** Pursuant to the parties' agreement that unpaid minimum wage and overtime back wages are owed and shall be paid to the employees listed on the attached Exhibit A, in the amount of $549,672.50, plus an equal additional amount of liquidated damages of $549,672.50 (owed to the same employees), and an additional amount of civil money penalties of $75,655.00 owed pursuant to section 16(e) of the Act to the Acting Secretary, for a Total Amount Due of $1,175,000.00.

**3.** Therefore, it is:

  **a.**  ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of a total of $549,672.50 in

unpaid minimum wage and overtime back wages due to the employees in the amounts listed in Exhibit A of this Consent Judgment.

**b.** ORDERED that Defendants shall pay a total of $549,672.50 in liquidated damages due to the employees in the amounts listed in Exhibit A.

**c.** ORDERED that Defendants shall pay $75,655.00 in civil money penalties.[2]

**4.** The provisions of this Consent Judgment relative to payment of back wages, liquidated damages, and civil money penalties shall be deemed satisfied when Defendants have fully complied with the terms of payment set forth herein.

**5.** Defendants shall pay the Total Amount Due as follows:

**a.** Defendants shall make a down payment of $392,200.00 (to be allocated to liquidated damages) no later than September 30, 2024.

**b.** Defendants shall make a second payment of $392,000.00 (to be allocated first to the remaining liquidated damages, and then to back wages) no later than October 30, 2024.

**c.** Defendants shall make a third and final payment of $391,000.00 (to be allocated first to the remaining back wages, and then to civil money penalties) no later than November 29, 2024.

**d.** Defendants shall make all payments by ACH transfer, credit card, debit card, or digital wallet, using the U.S. Department of Labor's electronic payment portal, as further set forth in this Paragraph.

**e.** To pay the $549,672.50 back wages and $549,672.50 in liquidated damages in

---

[2] The Acting Secretary agrees that Defendants' timely payment of $75,655.00 in civil money penalties will constitute payment in full of the civil money penalties originally assessed against Defendants by letters dated September 22, 2020 and October 6, 2020.

the installment amounts due on September 30, October 30, and November 29, 2024:

    **i.** Go to https://www.pay.gov/public/form/start/77689032.

    **ii.** Select "Continue to Form" and complete the required fields:

        1. The "BW Case Number" is Case No. 1867062.

        2. The "Date of Assessment" is the date of this Order.

**f.** To pay the $75,655.00 in civil money penalties by November 29, 2024:

    **i.** Go to https://www.pay.gov/public/form/start/77734139.

    **ii.** Select "Continue to Form" and complete the required fields:

        1. The "CMP Case Number" is Case No. 1867062.

        2. The "Date of Assessment" is the date of this Order.

**6.** The Acting Secretary shall allocate and distribute the back wages and liquidated damages, less any legally required deductions, to the persons named in the attached Exhibit A, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c). Defendants remain responsible for paying the employers' share of any applicable taxes to the appropriate local, state, and federal revenue authorities.

**7.** Within 30 calendar days of the date of entry of this Consent Judgment, Defendants shall provide the Acting Secretary, to the extent known to Defendants, with respect to each former or current employee listed in Exhibit A to this Consent Judgment: full

name, taxpayer identification number, all known current and former addresses, phone numbers, e-mails, and any other contact information (including but not limited to Whatsapp or social media handles). Defendants shall make best efforts to compile this information, including by diligently reviewing their records and speaking with Defendants' current and former managers and supervisors at each of Defendants' locations.

8.  Defendants, and anyone acting on their behalf, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from any person listed on Exhibit A. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against any person because of his or her receipt of funds due under the provisions of this Consent Judgment or the Act. Defendants acknowledge that any violation of this Section may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

9.  In the event that Defendants fail to make any of the payments required by this Consent Judgment within seven (7) calendar days of the payment's due date, then Defendants consent to the entry of a Writ of Execution, consistent with the terms of this Consent Judgment and pursuant to Rule 69 of the Federal Rules of Civil Procedure, to enforce the monetary terms of this Consent Judgment. Such a writ of execution shall be limited to the pending remaining balance of the Defendants' monetary obligations under this Consent Judgment at the time such writ is issued. Plaintiff may represent in filing for such a writ that Defendants consent to its issuance. Upon request from Plaintiff, Defendants agree to furnish a complete and

accurate list of their real, personal, and business property with an estimated value of $2,000.00 or more and the locations of such property for purposes of Plaintiff seeking a Writ of Execution in accordance with this Paragraph of the Consent Judgment.

10. Within 15 days of the entry of this Consent Judgment, Defendants shall display in conspicuous places throughout each of their establishments for their employees' viewing, the poster titled "Employee Rights Under the Fair Labor Standards Act" (also known as the "FLSA Minimum Wage Poster") issued by, and available on the website of, the U.S. Department of Labor (currently available at https://www.dol.gov/agencies/whd/posters/flsa, and attached hereto as Exhibit B). Within 15 days of the entry of this Consent Judgment, Defendants shall also display in conspicuous places throughout each of their establishments for their employees' viewing, the factsheet "Overtime Pay Requirements of the FLSA," issued by, and available on the website of, the U.S. Department of Labor (currently available at https://www.dol.gov/agencies/whd/fact-sheets/23-flsa-overtime-pay and attached hereto as Exhibit C). Defendants shall maintain these postings permanently.

11. Defendants shall distribute English, Punjabi, and Hindi copies of the attached Exhibit D to each current employee, within 15 calendar days of the entry of this Consent Judgment.

12. Within 15 calendar days of the entry of this Consent Judgment, Defendants shall also post Exhibit D, in English, Punjabi, and Hindi, in each of Defendants' locations, at locations where employees may easily view the posting, and shall maintain Exhibit D posted in such conspicuous places for a minimum of three years.

13. Defendants shall implement (to the extent such provisions are not already in place)

the following provisions to ensure their compliance with the Act:

a.  At each of their locations, Defendants shall utilize an electronic timekeeping system to ensure that all hours worked by all of Defendants' non-exempt employees are recorded accurately. Specifically:

   i.  Defendants shall maintain and utilize an electronic timekeeping system sufficient to track hours worked by Defendants' non-exempt employees.

   ii.  Defendants will ensure that all employees have been trained on the proper use of the electronic timekeeping system in languages understandable to the employees and will pay employees for that training time in compliance with the Act. Defendants will also provide such training to all new employees at the time of hire and will pay employees for that training time in compliance with the Act.

   iii.  Defendants shall not edit or alter employees' hours worked in the timekeeping system in any way that does not accurately reflect employees' actual hours worked.

   iv.  Defendants shall not request, require, or otherwise cause employees to perform work "off the books" (*i.e.*, not recorded in the timekeeping system).

   v.  If employees perform any work for Defendants before or after employees' scheduled shifts or perform any work for Defendants not recorded in the timekeeping system, Defendants shall ensure that such time is recorded in accordance with the Act and 29 C.F.R. Part 516

and is compensated by Defendants in accordance with the Act (and relevant caselaw). Provided that nothing in this Consent Judgment shall prohibit Defendants from disciplining employees for working hours not authorized by Defendants, if such discipline is in compliance with applicable law and not retaliatory in violation of 29 U.S.C. § 215(a)(3) or Section 1.d of this Consent Judgment.

vi.  In the event that the electronic timekeeping system is temporarily nonoperational, Defendants shall use other means for keeping accurate records of all hours worked by their employees in accordance with the Act and 29 C.F.R. Part 516.

b.  Defendants shall pay wages to employees based on the hours they work during each applicable pay period, including any applicable overtime premium, in accordance with the Act and its implementing regulations, including but not limited to 29 C.F.R. Part 775 and Part 778. Defendants understand that the Act requires, for example, that an employer must calculate and pay any applicable overtime premium after taking into account an employee's hours worked at all of the employer's locations during each workweek. In other words, if during the same week, an non-exempt employee works 30 hours at one of an employer's locations and 30 hours at a different of the employer's locations, the employee has worked 60 hours for the employer that week and is entitled to receive compensation for the 20 overtime hours at one-and-one-half times the employee's regular rate of pay.

c.  Defendants shall treat all employee breaks as compensable hours worked, unless the break is more than 20 minutes in duration and the employee is completely relieved from work during the break.

d.  Defendants shall make and maintain all records as required by 29 C.F.R. Part 516, including but not limited to accurate records of employees' daily start and stop times, hours worked each day, total hours worked each week, regular hourly pay rate, total daily or weekly straight-time earnings, total overtime earnings each week, deductions from employees' wages, total wages paid each pay period, and the dates of payment and the pay period covered by such payment.

e.  Defendants shall provide each employee with a statement, along with every payment of wages, regardless of the form of compensation, that: lists the dates of work covered by that payment of wages, rate or rates of pay and basis therefore, gross wages, deductions, allowances claimed as part of the minimum wage (if any), and net wages. For all employees not exempt from the Act's overtime compensation requirements, the statement shall also include the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked.

f.  Defendants shall comply with the regulations found at 29 C.F.R. Part 541 when classifying any employee as exempt from the overtime compensation requirements of the Act pursuant to the exemptions set forth in Section 13 of the Act.

14. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of Defendants not listed on Exhibit A of this Consent Judgment, be they current or former employees, to file any action against defendants under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Consent Judgment to file any action against Defendants under section 16(b) of the Act for any violations alleged to have occurred after October 25, 2018.

15. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

16. The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

SO ORDERED:

DATED: _____ August 27 _, 2024
        New York, New York

_____
HON. JENNIFER H. REARDEN
UNITED STATES DISTRICT JUDGE

Defendants have appeared by counsel and hereby consent to the entry of this Judgment.

**MBB SERVICES, INC.**

BY: _____         8/22/24
    JAGJIT SINGH                      DATE

**TREMONT GAS INC.**

BY: _____         8/22/24
    JAGJIT SINGH                      DATE

13

**BIBA REALTY CORP.**

BY: _____

JAGJIT SINGH

8/22/24

DATE

**136 N WELLWOOD AVE GAS INC.**

BY: _____

JAGJIT SINGH

8/22/24

DATE

**150 FULTON STREET INC.**

BY: _____

JAGJIT SINGH

8/22/24

DATE

**278 W MAIN ST INC.**

BY: _____

JAGJIT SINGH

8/22/24

DATE

**635 EAST MAIN ST., INC.**

BY: _____

JAGJIT SINGH

8/22/24

DATE

**HILLSIDE-LAKEVILLE SERVICE INC.**

BY: _____

JAGJIT SINGH

8/22/24

DATE

**771 PENINSULA BLVD INC.**

BY: _____

JAGJIT SINGH

8/22/24

DATE

**848 WILLIS AVENUE SERVICES INC.**

BY: _____
JAGJIT SINGH

8/22/24
DATE

**HP GAS INC.**

BY: _____
JAGJIT SINGH

8/22/24
DATE

**INWOOD FUEL INC.**

BY: _____
JAGJIT SINGH

8/22/24
DATE

**INWOOD GAS INC.**

BY: _____
JAGJIT SINGH

8/22/24
DATE

**JTP GAS, INC.**

BY: _____
JAGJIT SINGH

8/22/24
DATE

**1575 ROUTE 112 GAS INC.**

BY: _____
JAGJIT SINGH

8/22/24
DATE

**JAGJIT SINGH, Individually**

BY: _____
JAGJIT SINGH

8/22/24
DATE

15

STATE OF New York )
                              :SS:
COUNTY OF Nassau )

On the 22nd day of August , 2024 before me came **JAGJIT SINGH**, to me known,

who, being by me duly sworn, did depose and say that he is a duly authorized officer of

**MBB SERVICES INC.,** described in and which executed the foregoing instrument, and that

he signed his name thereto by like order.

KATHLEEN KORZENKO
Notary Public, State of New York
Registration No. 01KO4854996
Qualified in Nassau County
Commission Expires March 24, 2026

NOTARY PUBLIC

STATE OF New York )
                              :SS:
COUNTY OF Nassau )

On the 22nd day of August , 2024 before me came **JAGJIT SINGH**, to me known,

who, being by me duly sworn, did depose and say that he is a duly authorized officer of

**TREMONT GAS INC.,** described in and which executed the foregoing instrument, and that

he signed his name thereto by like order.

KATHLEEN KORZENKO
Notary Public, State of New York
Registration No. 01KO4854996
Qualified in Nassau County
Commission Expires March 24, 2026

NOTARY PUBLIC

STATE OF New York )
                              :SS:
COUNTY OF Nassau )

On the 22nd day of August , 2024 before me came **JAGJIT SINGH**, to me known,

who, being by me duly sworn, did depose and say that he is a duly authorized officer of

**BIBA REALTY CORP.,** described in and which executed the foregoing instrument, and

that he signed his name thereto by like order.

KATHLEEN KORZENKO
Notary Public, State of New York
Registration No. 01KO4854996
Qualified in Nassau County
Commission Expires March 24, 20___

NOTARY PUBLIC

STATE OF  New York  )

                     :SS:

COUNTY OF  Nassau  )

On the 22nd day of August , **2024** before me came **JAGJIT SINGH,** to me known,

who, being by me duly sworn, did depose and say that he is a duly authorized officer of **136**

**N WELLWOOD AVE GAS INC.,** described in and which executed the foregoing

instrument, and that he signed his name thereto by like order.

KATHLEEN KORZENKO
Notary Public, State of New York
Registration No. 01KO4854996
Qualified in Nassau County
Commission Expires March 24, 20___

NOTARY PUBLIC

STATE OF  New York  )

                     :SS:

COUNTY OF  Nassau  )

On the 22nd day of August , **2024** before me came **JAGJIT SINGH,** to me known,

who, being by me duly sworn, did depose and say that he is a duly authorized officer of **150**

**FULTON STREET INC.,** described in and which executed the foregoing instrument, and

that he signed his name thereto by like order.

KATHLEEN KORZENKO
Notary Public, State of New York
Registration No. 01KO4854996
Qualified in Nassau County
Commission Expires March 24, 20___

NOTARY PUBLIC

STATE OF New York )
:SS:
COUNTY OF Nassau )

On the 22nd day of August , **2024** before me came **JAGJIT SINGH**, to me known,

who, being by me duly sworn, did depose and say that he is a duly authorized officer of **278**

**W MAIN ST INC.,** described in and which executed the foregoing instrument, and that he

signed his name thereto by like order.

KATHLEEN KORZENKO
Notary Public, State of New York
Registration No. 01KO4854996
Qualified in Nassau County
Commission Expires March 24, 2026

NOTARY PUBLIC

STATE OF New York )
:SS:
COUNTY OF Nassau )

On the 22nd day of August , **2024** before me came **JAGJIT SINGH**, to me known,

who, being by me duly sworn, did depose and say that he is a duly authorized officer of **635**

**EAST MAIN ST., INC.,** described in and which executed the foregoing instrument, and that

he signed his name thereto by like order.

KATHLEEN KORZENKO
Notary Public, State of New York
Registration No. 01KO4854996
Qualified in Nassau County
Commission Expires March 24, 2026

NOTARY PUBLIC

18

STATE OF New York )
                           :SS:
COUNTY OF Nassau )

On the 22nd day of August , **2024** before me came **JAGJIT SINGH**, to me known,

who, being by me duly sworn, did depose and say that he is a duly authorized officer of

**HILLSIDE-LAKEVILLE SERVICE INC.,** described in and which executed the foregoing

instrument, and that he signed his name thereto by like order.

KATHLEEN KORZENKO
Notary Public, State of New York
Registration No. 01KO4854996
Qualified in Nassau County
Commission Expires March 24, 20__

NOTARY PUBLIC

STATE OF New York )
                           :SS:
COUNTY OF Nassau )

On the 22nd day of August , **2024** before me came **JAGJIT SINGH**, to me known,

who, being by me duly sworn, did depose and say that he is a duly authorized officer of **771**

**PENINSULA BLVD INC.,** described in and which executed the foregoing instrument, and

that he signed his name thereto by like order.

KATHLEEN KORZENKO
Notary Public, State of New York
Registration No. 01KO4854996
Qualified in Nassau County
Commission Expires March 24, 20__

NOTARY PUBLIC

STATE OF New York )
                           :SS:
COUNTY OF Nassau )

On the 22nd day of August , **2024** before me came **JAGJIT SINGH**, to me known,

who, being by me duly sworn, did depose and say that he is a duly authorized officer of **848**

19

**WILLIS AVENUE SERVICES INC.,** described in and which executed the foregoing

instrument, and that he signed his name thereto by like order.

KATHLEEN KORZENKO
Notary Public, State of New York
Registration No. 01KO4854996
Qualified in Nassau County
Commission Expires March 24, 20__

NOTARY PUBLIC

STATE OF  New York  )

COUNTY OF  Nassau  )     :SS:

On the 22nd day of _August_____, **2024** before me came **JAGJIT SINGH**, to me known,

who, being by me duly sworn, did depose and say that he is a duly authorized officer of **HP**

**GAS INC.,** described in and which executed the foregoing instrument, and that he signed his

name thereto by like order.

KATHLEEN KORZENKO
Notary Public, State of New York
Registration No. 01KO4854996
Qualified in Nassau County
Commission Expires March 24, 20__

NOTARY PUBLIC

STATE OF  New York  )

COUNTY OF  Nassau  )     :SS:

On the 22nd day of _August_____, **2024** before me came **JAGJIT SINGH**, to me known,

who, being by me duly sworn, did depose and say that he is a duly authorized officer of

**INWOOD FUEL INC.,** described in and which executed the foregoing instrument, and that

he signed his name thereto by like order.

KATHLEEN KORZENKO
Notary Public, State of New York
Registration No. 01KO4854996
Qualified in Nassau County
Commission Expires March 24, 20__

NOTARY PUBLIC

STATE OF  New York     )
                                              :SS:
COUNTY OF  Nassau     )

On the 22nd day of _August_, **2024** before me came **JAGJIT SINGH**, to me known,

who, being by me duly sworn, did depose and say that he is a duly authorized officer of

**INWOOD GAS INC.,** described in and which executed the foregoing instrument, and that

he signed his name thereto by like order.

KATHLEEN KORZENKO
Notary Public, State of New York
Registration No. 01KO4854996
Qualified in Nassau County
Commission Expires March 24, 20__          NOTARY PUBLIC

STATE OF  New York     )
                                              :SS:
COUNTY OF  Nassau     )

On the 22nd day of _August_, **2024** before me came **JAGJIT SINGH**, to me known,

who, being by me duly sworn, did depose and say that he is a duly authorized officer of **JTP**

**GAS, INC.,** described in and which executed the foregoing instrument, and that he signed his

name thereto by like order.

KATHLEEN KORZENKO
Notary Public, State of New York
Registration No. 01KO4854996
Qualified in Nassau County
Commission Expires March 24, 20__          NOTARY PUBLIC

21

STATE OF _New York_ )
                              :SS:
COUNTY OF _Nassau_ )


On the _2nd_ day of _August_ , **2024** before me came **JAGJIT SINGH**, to me known,

who, being by me duly sworn, did depose and say that he is a duly authorized officer of **1575**

**ROUTE 112 GAS INC.,** described in and which executed the foregoing instrument, and that

he signed his name thereto by like order.

KATHLEEN KORZENKO
Notary Public, State of New York
Registration No. 01KO4854996      NOTARY PUBLIC
Qualified in Nassau County
Commission Expires March 24, 2026


STATE OF _New York_ )
                              :SS:
COUNTY OF _Nassau_ )


On the _2nd_ day of _August_ , **2024** before me came **JAGJIT SINGH**, to me known,

and known to me to be the individual described in and who executed the foregoing

instrument and he duly acknowledged to me that he executed the same.

KATHLEEN KORZENKO
Notary Public, State of New York
Registration No. 01KO4854996      NOTARY PUBLIC
Qualified in Nassau County
Commission Expires March 24, 2026


22

**Su v. MBB Services Inc., et al., No. 22-cv-2206 (S.D.N.Y.) (JHR) (RWL)**
**Consent Judgment - Exhibit A**

**Per-Employee FLSA Back Wages and Liquidated Damages**

| | Employee Name | Section 6 Back Wages | Section 7 Back Wages | Total Back Wages (BWs) | FLSA Liquidated Damages (LDs) | Total – FLSA BWs and LDs |
|---|---|---|---|---|---|---|
| 1 | A.M. Doe | $0.00 | $953.03 | $953.03 | $953.03 | $1,906.06 |
| 2 | A.S. Doe | $0.00 | $120.32 | $120.32 | $120.32 | $240.64 |
| 3 | Ali Doe | $0.00 | $142.63 | $142.63 | $142.63 | $285.26 |
| 4 | Amarjit Doe | $0.00 | $1,480.24 | $1,480.24 | $1,480.24 | $2,960.48 |
| 5 | Amerjeet Singh | $0.00 | $154.16 | $154.16 | $154.16 | $308.32 |
| 6 | Amrinder Doe | $0.00 | $1,381.85 | $1,381.85 | $1,381.85 | $2,763.70 |
| 7 | Amrinder Doe 2 | $0.00 | $3,397.46 | $3,397.46 | $3,397.46 | $6,794.92 |
| 8 | Amritpal Singh | $0.00 | $5,294.05 | $5,294.05 | $5,294.05 | $10,588.10 |
| 9 | Arun Kumar | $0.00 | $6,460.65 | $6,460.65 | $6,460.65 | $12,921.30 |
| 10 | Arvinder Singh | $0.00 | $7,156.79 | $7,156.79 | $7,156.79 | $14,313.58 |
| 11 | ASM | $112.87 | $11,049.83 | $11,162.70 | $11,162.70 | $22,325.40 |
| 12 | Bicky Doe | $0.00 | $2,555.48 | $2,555.48 | $2,555.48 | $5,110.96 |
| 13 | Bicky Doe 2 | $0.00 | $1,023.09 | $1,023.09 | $1,023.09 | $2,046.18 |
| 14 | Bill Singh | $0.00 | $7,413.45 | $7,413.45 | $7,413.45 | $14,826.90 |
| 15 | Bindu Doe | $0.00 | $636.08 | $636.08 | $636.08 | $1,272.16 |
| 16 | Chandandeep Doe | $0.00 | $301.81 | $301.81 | $301.81 | $603.62 |
| 17 | Deep Doe | $0.66 | $10,142.09 | $10,142.75 | $10,142.75 | $20,285.50 |
| 18 | Dhramveer Doe | $0.00 | $91.82 | $91.82 | $91.82 | $183.64 |
| 19 | Didar Islam | $0.00 | $16,281.23 | $16,281.23 | $16,281.23 | $32,562.46 |
| 20 | Doriste Doe | $0.00 | $312.67 | $312.67 | $312.67 | $625.34 |
| 21 | Fufad Doe | $0.00 | $1,257.76 | $1,257.76 | $1,257.76 | $2,515.52 |
| 22 | Gill Doe | $0.00 | $772.11 | $772.11 | $772.11 | $1,544.22 |
| 23 | Gill Doe 2 | $0.00 | $14,155.36 | $14,155.36 | $14,155.36 | $28,310.72 |
| 24 | Gopy Doe | $0.00 | $3,445.92 | $3,445.92 | $3,445.92 | $6,891.84 |
| 25 | Guggy Parmar | $0.00 | $253.30 | $253.30 | $253.30 | $506.60 |
| 26 | Gurinder Galhain | $0.00 | $12,623.67 | $12,623.67 | $12,623.67 | $25,247.34 |
| 27 | Gurnoor Doe | $16.39 | $172.00 | $188.39 | $188.39 | $376.78 |
| 28 | Gurpreet Doe | $0.00 | $4,487.35 | $4,487.35 | $4,487.35 | $8,974.70 |
| 29 | Harbhajan Doe | $0.00 | $17,269.81 | $17,269.81 | $17,269.81 | $34,539.62 |
| 30 | Harman Doe | $0.00 | $222.59 | $222.59 | $222.59 | $445.18 |
| 31 | Hassan Doe | $0.00 | $585.53 | $585.53 | $585.53 | $1,171.06 |
| 32 | Honey Doe | $0.00 | $7,879.50 | $7,879.50 | $7,879.50 | $15,759.00 |
| 33 | Imtiaz Hussain | $0.00 | $13,052.42 | $13,052.42 | $13,052.42 | $26,104.84 |
| 34 | Jagir Doe | $45.02 | $17,563.99 | $17,609.01 | $17,609.01 | $35,218.02 |
| 35 | Jaspal Minhas | $0.00 | $11,731.88 | $11,731.88 | $11,731.88 | $23,463.76 |

| | Employee Name | Section 6 Back Wages | Section 7 Back Wages | Total Back Wages (BWs) | FLSA Liquidated Damages (LDs) | Total – FLSA BWs and LDs |
|---|---|---|---|---|---|---|
| 36 | Jassi Doe | $0.00 | $1,008.34 | $1,008.34 | $1,008.34 | $2,016.68 |
| 37 | John Doe | $0.00 | $9,733.83 | $9,733.83 | $9,733.83 | $19,467.66 |
| 38 | Joll Doe | $0.00 | $261.51 | $261.51 | $261.51 | $523.02 |
| 39 | Jujhar Doe | $0.00 | $6,237.76 | $6,237.76 | $6,237.76 | $12,475.52 |
| 40 | Jujhar Singh | $0.00 | $2,978.94 | $2,978.94 | $2,978.94 | $5,957.88 |
| 41 | Kaniya Doe | $0.00 | $12,858.79 | $12,858.79 | $12,858.79 | $25,717.58 |
| 42 | Karam Doe | $0.00 | $4,606.88 | $4,606.88 | $4,606.88 | $9,213.76 |
| 43 | Karam Doe 2 | $0.00 | $895.33 | $895.33 | $895.33 | $1,790.66 |
| 44 | Karam Doe 3 | $0.00 | $333.88 | $333.88 | $333.88 | $667.76 |
| 45 | Karamveer Doe | $0.00 | $2,395.39 | $2,395.39 | $2,395.39 | $4,790.78 |
| 46 | Karan Doe | $462.05 | $9,435.71 | $9,897.76 | $9,897.76 | $19,795.52 |
| 47 | Kazi Doe | $0.00 | $16,294.91 | $16,294.91 | $16,294.91 | $32,589.82 |
| 48 | Krishan Gopal | $0.00 | $4,164.46 | $4,164.46 | $4,164.46 | $8,328.92 |
| 49 | Kulbir Doe | $0.00 | $232.52 | $232.52 | $232.52 | $465.04 |
| 50 | Kuldeep Singh | $0.00 | $1,551.65 | $1,551.65 | $1,551.65 | $3,103.30 |
| 51 | Love Doe | $0.00 | $135.60 | $135.60 | $135.60 | $271.20 |
| 52 | Mandeep Doe | $0.00 | $26.70 | $26.70 | $26.70 | $53.40 |
| 53 | Mani Doe | $48.56 | $567.41 | $615.97 | $615.97 | $1,231.94 |
| 54 | Mani Doe 2 | $43.22 | $7,945.54 | $7,988.76 | $7,988.76 | $15,977.52 |
| 55 | Manindar Singh | $0.00 | $7,852.93 | $7,852.93 | $7,852.93 | $15,705.86 |
| 56 | Manish Doe | $0.00 | $6,800.03 | $6,800.03 | $6,800.03 | $13,600.06 |
| 57 | Manjinder Bhatti | $0.00 | $461.68 | $461.68 | $461.68 | $923.36 |
| 58 | Manjinder Singh | $0.00 | $145.65 | $145.65 | $145.65 | $291.30 |
| 59 | Manjot Singh | $0.00 | $2,434.87 | $2,434.87 | $2,434.87 | $4,869.74 |
| 60 | Manjot Singh 2 | $0.00 | $353.97 | $353.97 | $353.97 | $707.94 |
| 61 | Manni Doe | $0.00 | $3,624.38 | $3,624.38 | $3,624.38 | $7,248.76 |
| 62 | Manny Doe | $0.00 | $519.65 | $519.65 | $519.65 | $1,039.30 |
| 63 | Manpreet Doe | $0.00 | $511.31 | $511.31 | $511.31 | $1,022.62 |
| 64 | Manu Doe | $111.33 | $16,233.17 | $16,344.50 | $16,344.50 | $32,689.00 |
| 65 | Manuel Doe | $0.00 | $233.32 | $233.32 | $233.32 | $466.64 |
| 66 | Manveer Doe | $0.00 | $1,217.21 | $1,217.21 | $1,217.21 | $2,434.42 |
| 67 | Manvir Singh | $0.00 | $4,639.57 | $4,639.57 | $4,639.57 | $9,279.14 |
| 68 | Merwish Doe | $0.00 | $129.62 | $129.62 | $129.62 | $259.24 |
| 69 | Mohinder Singh | $0.00 | $8,573.88 | $8,573.88 | $8,573.88 | $17,147.76 |
| 70 | Munno or Munna Doe | $0.00 | $13,264.60 | $13,264.60 | $13,264.60 | $26,529.20 |
| 71 | Nav Doe | $0.00 | $7,301.59 | $7,301.59 | $7,301.59 | $14,603.18 |
| 72 | Navjit Saini | $0.00 | $8,045.37 | $8,045.37 | $8,045.37 | $16,090.74 |
| 73 | Night-Guy Doe | $0.00 | $162.27 | $162.27 | $162.27 | $324.54 |
| 74 | Nirmal Galhain | $0.00 | $35,928.88 | $35,928.88 | $35,928.88 | $71,857.76 |
| 75 | No Himanshu | $0.00 | $19,196.00 | $19,196.00 | $19,196.00 | $38,392.00 |

| | Employee Name | Section 6 Back Wages | Section 7 Back Wages | Total Back Wages (BWs) | FLSA Liquidated Damages (LDs) | Total – FLSA BWs and LDs |
|---|---|---|---|---|---|---|
| 76 | Ousman Doe | $0.00 | $8,387.13 | $8,387.13 | $8,387.13 | $16,774.26 |
| 77 | Pah-Ji doe | $0.00 | $109.24 | $109.24 | $109.24 | $218.48 |
| 78 | Pali Doe | $0.00 | $35,677.08 | $35,677.08 | $35,677.08 | $71,354.16 |
| 79 | Palwinder Doe | $0.00 | $1,357.54 | $1,357.54 | $1,357.54 | $2,715.08 |
| 80 | Palwinder Doe 2 | $0.00 | $2,324.87 | $2,324.87 | $2,324.87 | $4,649.74 |
| 81 | Parwinder Doe | $0.00 | $144.98 | $144.98 | $144.98 | $289.96 |
| 82 | Raj Doe | $0.00 | $5,365.15 | $5,365.15 | $5,365.15 | $10,730.30 |
| 83 | Rajiv Doe | $0.00 | $615.76 | $615.76 | $615.76 | $1,231.52 |
| 84 | Rajiv Doe 2 | $0.00 | $3,102.70 | $3,102.70 | $3,102.70 | $6,205.40 |
| 85 | Ravi Doe | $0.00 | $6,690.44 | $6,690.44 | $6,690.44 | $13,380.88 |
| 86 | Sabhi Doe | $0.00 | $108.59 | $108.59 | $108.59 | $217.18 |
| 87 | Sanjay Doe | $0.00 | $615.05 | $615.05 | $615.05 | $1,230.10 |
| 88 | Sardar Uncle Doe | $0.00 | $64.91 | $64.91 | $64.91 | $129.82 |
| 89 | Shah Doe | $0.00 | $162.27 | $162.27 | $162.27 | $324.54 |
| 90 | Shanty Doe | $0.00 | $1,336.22 | $1,336.22 | $1,336.22 | $2,672.44 |
| 91 | Sharam Doe | $0.00 | $1,121.29 | $1,121.29 | $1,121.29 | $2,242.58 |
| 92 | Sharan Doe | $58.00 | $153.37 | $211.37 | $211.37 | $422.74 |
| 93 | Sharma Doe | $0.00 | $72.13 | $72.13 | $72.13 | $144.26 |
| 94 | Shiful Doe | $0.00 | $128.23 | $128.23 | $128.23 | $256.46 |
| 95 | Shiful Doe 2 | $0.00 | $7,564.26 | $7,564.26 | $7,564.26 | $15,128.52 |
| 96 | Sukh Doe | $0.00 | $1,008.96 | $1,008.96 | $1,008.96 | $2,017.92 |
| 97 | Sukh Doe 2 | $0.00 | $8,001.91 | $8,001.91 | $8,001.91 | $16,003.82 |
| 98 | Sukhinder Singh | $1.76 | $2,408.38 | $2,410.14 | $2,410.14 | $4,820.28 |
| 99 | Sukhpreet Doe | $0.00 | $154.75 | $154.75 | $154.75 | $309.50 |
| 100 | Sunny Doe | $0.00 | $422.70 | $422.70 | $422.70 | $845.40 |
| 101 | Taran Doe | $0.00 | $17,581.97 | $17,581.97 | $17,581.97 | $35,163.94 |
| 102 | Tony Doe | $0.00 | $1,614.09 | $1,614.09 | $1,614.09 | $3,228.18 |
| 103 | Uncle Doe | $0.00 | $877.27 | $877.27 | $877.27 | $1,754.54 |
| 104 | Uncle Ji Doe | $0.00 | $540.64 | $540.64 | $540.64 | $1,081.28 |
| 105 | Uncle Meva Singh | $0.00 | $1,529.32 | $1,529.32 | $1,529.32 | $3,058.64 |
| 106 | Vicky Doe | $0.00 | $84.70 | $84.70 | $84.70 | $169.40 |
| 107 | Vicky Doe 2 | $0.00 | $3,688.18 | $3,688.18 | $3,688.18 | $7,376.36 |
| 108 | Vicky Doe | $0.00 | $8,155.07 | $8,155.07 | $8,155.07 | $16,310.14 |
| 109 | Vijay Doe | $0.00 | $2,453.81 | $2,453.81 | $2,453.81 | $4,907.62 |
| 110 | Vikram Gadwal | $0.00 | $1,994.76 | $1,994.76 | $1,994.76 | $3,989.52 |
| 111 | Vishal Doe | $0.00 | $3,710.93 | $3,710.93 | $3,710.93 | $7,421.86 |
| 112 | Wayne Doe | $0.00 | $116.63 | $116.63 | $116.63 | $233.26 |
| 113 | Doe 1 | $0.00 | $1,214.02 | $1,214.02 | $1,214.02 | $2,428.04 |
| 114 | Doe 2 | $0.00 | $2,428.05 | $2,428.05 | $2,428.05 | $4,856.10 |

| | Employee Name | Section 6 Back Wages | Section 7 Back Wages | Total Back Wages (BWs) | FLSA Liquidated Damages (LDs) | Total – FLSA BWs and LDs |
|---|---|---|---|---|---|---|
| 115 | Doe 3 | $0.00 | $4,856.09 | $4,856.09 | $4,856.09 | $9,712.18 |
| 116 | Doe 4 | $0.00 | $9,712.18 | $9,712.18 | $9,712.18 | $19,424.36 |
| | **Total** | **$889.86** | **$548,772.64** | **$549,672.50** | **$549,672.50** | **$1,099,345.00** |

**Su v. MBB Services Inc., et al., No. 22-cv-2206 (S.D.N.Y.) (JHR) (RWL)**
**Consent Judgment - Exhibit B**

**Poster - Employee Rights Under the Fair Labor Standards Act**

# EMPLOYEE RIGHTS
## UNDER THE FAIR LABOR STANDARDS ACT

## FEDERAL MINIMUM WAGE
# $7.25 PER HOUR
### BEGINNING JULY 24, 2009

**The law requires employers to display this poster where employees can readily see it.**

**OVERTIME PAY**
At least 1½ times the regular rate of pay for all hours worked over 40 in a workweek.

**CHILD LABOR**
An employee must be at least 16 years old to work in most non-farm jobs and at least 18 to work in non-farm jobs declared hazardous by the Secretary of Labor. Youths 14 and 15 years old may work outside school hours in various non-manufacturing, non-mining, non-hazardous jobs with certain work hours restrictions. Different rules apply in agricultural employment.

**TIP CREDIT**
Employers of "tipped employees" who meet certain conditions may claim a partial wage credit based on tips received by their employees. Employers must pay tipped employees a cash wage of at least $2.13 per hour if they claim a tip credit against their minimum wage obligation. If an employee's tips combined with the employer's cash wage of at least $2.13 per hour do not equal the minimum hourly wage, the employer must make up the difference.

**PUMP AT WORK**
The FLSA requires employers to provide reasonable break time for a nursing employee to express breast milk for their nursing child for one year after the child's birth each time the employee needs to express breast milk. Employers must provide a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by the employee to express breast milk.

**ENFORCEMENT**
The Department has authority to recover back wages and an equal amount in liquidated damages in instances of minimum wage, overtime, and other violations. The Department may litigate and/or recommend criminal prosecution. Employers may be assessed civil money penalties for each willful or repeated violation of the minimum wage or overtime pay provisions of the law. Civil money penalties may also be assessed for violations of the FLSA's child labor provisions. Heightened civil money penalties may be assessed for each child labor violation that results in the death or serious injury of any minor employee, and such assessments may be doubled when the violations are determined to be willful or repeated. The law also prohibits retaliating against or discharging workers who file a complaint or participate in any proceeding under the FLSA.

**ADDITIONAL INFORMATION**
- Certain occupations and establishments are exempt from the minimum wage, and/or overtime pay provisions.
- Special provisions apply to workers in American Samoa, the Commonwealth of the Northern Mariana Islands, and the Commonwealth of Puerto Rico.
- Some state laws provide greater employee protections; employers must comply with both.
- Some employers incorrectly classify workers as "independent contractors" when they are actually employees under the FLSA. It is important to know the difference between the two because employees (unless exempt) are entitled to the FLSA's minimum wage and overtime pay protections and correctly classified independent contractors are not.
- Certain full-time students, student learners, apprentices, and workers with disabilities may be paid less than the minimum wage under special certificates issued by the Department of Labor.



**WAGE AND HOUR DIVISION**
UNITED STATES DEPARTMENT OF LABOR

**1-866-487-9243**
**www.dol.gov/agencies/whd**



WH1088   REV 0423

**Su v. MBB Services Inc., et al., No. 22-cv-2206 (S.D.N.Y.) (JHR) (RWL)**
**Consent Judgment – Exhibit C**

**Factsheet - Overtime Pay Requirements of the FLSA**

  **WAGE AND HOUR DIVISION**
UNITED STATES DEPARTMENT OF LABOR

# Fact Sheet #23: Overtime Pay Requirements of the FLSA

**Revised October 2019**

NOTICE: The U.S. Department of Labor final rule, <u>Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales, and Computer Employees</u>, takes effect on July 1, 2024. The final rule updates and revises the regulations issued under section 13(a)(1) of the Fair Labor Standards Act implementing the exemption from minimum wage and overtime pay requirements for executive, administrative, and professional (EAP) employees. Revisions include increases to the standard salary level and the highly compensated employee total annual compensation threshold, and a mechanism that provides for the timely and efficient updating of these earnings thresholds to reflect current earnings data. The information on this webpage will be updated shortly.

This fact sheet provides general information concerning the application of the <u>overtime pay</u> provisions of the <u>FLSA</u>.

## Characteristics

An employer who requires or permits an employee to work overtime is generally required to pay the employee premium pay for such overtime work.

## Requirements

Unless specifically exempted, employees covered by the Act must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay. There is no limit in the Act on the number of hours employees aged 16 and older may work in any workweek. The Act does not require <u>overtime pay</u> for work on Saturdays, Sundays, holidays, or regular days of rest, as such.

The Act applies on a workweek basis. An employee's workweek is a fixed and regularly recurring period of 168 hours -- seven consecutive 24-hour periods. It need not coincide with the calendar week, but may begin on any day and at any hour of the day. Different workweeks may be established for different employees or groups of employees. Averaging of hours over two or more weeks is not permitted. Normally, overtime pay earned in a particular workweek must be paid on the regular pay day for the pay period in which the wages were earned.

The regular rate of pay cannot be less than the <u>minimum wage</u>. The regular rate includes all remuneration for employment except certain payments excluded by the Act itself. Payments which are not part of the regular rate include pay for expenses incurred on the employer's behalf, premium payments for overtime work or the true premiums paid for work on Saturdays, Sundays, and holidays, discretionary bonuses, gifts and payments in the nature of gifts on special occasions, and payments for occasional periods when no work is performed due to vacation, holidays, or illness.

Earnings may be determined on a piece-rate, salary, commission, or some other basis, but in all such cases the overtime pay due must be computed on the basis of the average hourly rate derived from such earnings. This is calculated by dividing the total pay for employment (except for the statutory exclusions noted above) in any workweek by the total number of hours actually worked.

Submit Feedback

Where an employee in a single workweek works at two or more different types of work for which different straight-time rates have been established, the regular rate for that week is the weighted average of such rates. That is, the earnings from all such rates are added together and this total is then divided by the total number of hours worked at all jobs. In addition, section 7(g)(2) of the FLSA allows, under specified conditions, the computation of overtime pay based on one and one-half times the hourly rate in effect when the overtime work is performed. The requirements for computing overtime pay pursuant to section 7(g)(2) are prescribed in 29 CFR 778.415 through 778.421 .

Where non-cash payments are made to employees in the form of goods or facilities, the reasonable cost to the employer or fair value of such goods or facilities must be included in the regular rate.

## Typical Problems

Fixed Sum for Varying Amounts of Overtime: A lump sum paid for work performed during overtime hours without regard to the number of overtime hours worked does not qualify as an overtime premium even though the amount of money paid is equal to or greater than the sum owed on a per-hour basis. For example, no part of a flat sum of $180 to employees who work overtime on Sunday will qualify as an overtime premium, even though the employees' straight-time rate is $12.00 an hour and the employees always work less than 10 hours on Sunday. Similarly, where an agreement provides for 6 hours pay at $13.00 an hour regardless of the time actually spent for work on a job performed during overtime hours, the entire $78.00 must be included in determining the employees' regular rate.

Salary for Workweek Exceeding 40 Hours: A fixed salary for a regular workweek longer than 40 hours does not discharge FLSA statutory obligations. For example, an employee may be hired to work a 45 hour workweek for a weekly salary of $405. In this instance the regular rate is obtained by dividing the $405 straight-time salary by 45 hours, resulting in a regular rate of $9.00. The employee is then due additional overtime computed by multiplying the 5 overtime hours by one-half the regular rate of pay ($4.50 x 5 = $22.50).

Overtime Pay May Not Be Waived: The overtime requirement may not be waived by agreement between the employer and employees. An agreement that only 8 hours a day or only 40 hours a week will be counted as working time also fails the test of FLSA compliance. An announcement by the employer that no overtime work will be permitted, or that overtime work will not be paid for unless authorized in advance, also will not impair the employee's right to compensation for compensable overtime hours that are worked.

<div style="border:1px solid">

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division Website:**
**http://www.dol.gov/agencies/whd and/or call our toll-free information and helpline,**
**available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.



</div>

Submit Feedback

The contents of this document do not have the force and effect of law and are not meant to bind the public in any way. This document is intended only to provide clarity to the public regarding existing requirements under the law or agency policies.

**Su v. MBB Services Inc., et al., No. 22-cv-2206 (S.D.N.Y.) (JHR) (RWL)**
**Consent Judgment – Exhibit D**
**Notice to Employees – English**

Jagjit Singh and his 15 companies have settled a lawsuit with the U.S. Department of Labor and entered into a settlement agreement pertaining to their employees. The settlement agreement has been approved by a judge and pertains to the following locations:

- MBB 1881 Tremont Avenue, Bronx
- Sunoco 3305 East Tremont Avenue, Bronx
- Sunoco 820 East 182nd Street, Bronx
- Sunoco 136 North Wellwood Avenue, Lindenhurst
- Sunoco Food Mart 150 Fulton Street, Farmingdale
- Mobil 278 W Main Street, Smithtown
- Mobil 635 East Main Street, Kings Park
- Sunoco 720 Hillside Avenue, New Hyde Park
- BP 771 Peninsula Boulevard, Hempstead
- Euro Gas 848 Willis Avenue, Albertson
- Sunoco 85 North Main Street, Freeport
- 24 Hour Minimart 105 Sheridan Boulevard, Inwood
- Sunoco 20 Sheridan Boulevard, Inwood
- JTP 139 Jericho Turnpike, Floral Park
- US Petroleum, 1575 Route 112, Port Jefferson

Under the settlement agreement, the Defendants will pay the U.S. Department of Labor money for certain current and former employees who worked between October 28, 2015 and October 25, 2018. The U.S. Department of Labor will distribute the money directly to the employees.

You have the right to receive the full amount of any back wages (after taxes) and liquidated damages you are owed. It is against the law for the Defendants, or anyone acting on their behalf, to ask for this money back. It is also against the law for your boss, manager, or supervisor to ask you to give up your current or future wages to get money from the settlement.

You are protected by a federal law called the Fair Labor Standards Act (FLSA). Employees have the right to be paid for all hours they work. Employees also have the right to receive overtime pay, at 1.5 times their regular hourly rate, except for employees who are "exempt."

It is also against the law for your employer to fire you, report you to immigration, retaliate against you in any way (such as cutting your hours or pay), or threaten to do any of these things, for accepting money or refusing to return any money paid to you as part of this settlement. Your employer is also prohibited from retaliating against you for providing information to the U.S. Department of Labor or for asserting your rights to receive all your wages.

If you are an employee and are not paid for all of your hours worked, are not paid minimum wage for all the hours you work, are not paid overtime, if you have been asked to return your settlement money, if you believe you have been retaliated against, or if you need to update your contact information, please call the U.S. Department of Labor at (516) 338-1890. Your name will be kept confidential to the maximum extent permitted by law.

**Su v. MBB Services Inc., et al., No. 22-cv-2206 (S.D.N.Y.) (JHR) (RWL)**
**ਸਹਿਮਤੀ ਦਾ ਫੈਸਲਾ – ਐਗਜ਼ੀਬਿਟ D**
**ਕਰਮਚਾਰੀਆਂ ਨੂੰ ਨੋਟਿਸ - ਪੰਜਾਬੀ**

Jagjit Singh ਅਤੇ ਉਸ ਦੀਆਂ 15 ਕੰਪਨੀਆਂ ਨੇ ਅਮਰੀਕੀ ਕਿਰਤ ਵਿਭਾਗ (U.S. Department of Labor) ਨਾਲ ਮੁਕੱਦਮੇ ਦਾ ਨਿਪਟਾਰਾ ਕੀਤਾ ਹੈ ਅਤੇ ਆਪਣੇ ਕਰਮਚਾਰੀਆਂ ਨਾਲ ਸਬੰਧਤ ਇੱਕ ਸਮਝੌਤਾ ਕੀਤਾ ਹੈ। ਨਿਪਟਾਰਾ ਸਮਝੌਤੇ ਨੂੰ ਇੱਕ ਜੱਜ ਦੁਆਰਾ ਪ੍ਰਵਾਨਗੀ ਦਿੱਤੀ ਗਈ ਹੈ ਅਤੇ ਇਹ ਹੇਠ ਲਿਖੇ ਸਥਾਨਾਂ ਨਾਲ ਸਬੰਧਤ ਹੈ:

- MBB 1881 Tremont Avenue, Bronx
- Sunoco 3305 East Tremont Avenue, Bronx
- Sunoco 820 East 182nd Street, Bronx
- Sunoco 136 North Wellwood Avenue, Lindenhurst
- Sunoco Food Mart 150 Fulton Street, Farmingdale
- Mobil 278 W Main Street, Smithtown
- Mobil 635 East Main Street, Kings Park
- Sunoco 720 Hillside Avenue, New Hyde Park
- BP 771 Peninsula Boulevard, Hempstead
- Euro Gas 848 Willis Avenue, Albertson
- Sunoco 85 North Main Street, Freeport
- 24 Hour Minimart 105 Sheridan Boulevard, Inwood
- Sunoco 20 Sheridan Boulevard, Inwood
- JTP 139 Jericho Turnpike, Floral Park
- US Petroleum, 1575 Route 112, Port Jefferson

ਨਿਪਟਾਰਾ ਸਮਝੌਤੇ ਦੇ ਤਹਿਤ, ਬਚਾਓ ਪੱਖ ਕੁਝ ਮੌਜੂਦਾ ਅਤੇ ਸਾਬਕਾ ਕਰਮਚਾਰੀਆਂ ਲਈ ਅਮਰੀਕੀ ਕਿਰਤ ਵਿਭਾਗ (U.S. Department of Labor) ਨੂੰ ਪੈਸੇ ਦਾ ਭੁਗਤਾਨ ਕਰਨਗੇ ਜਿਨ੍ਹਾਂ ਨੇ ਅਕਤੂਬਰ ਅਠਾਈ, ਦੋ ਹਜ਼ਾਰ ਪੰਦਰਾਂ (10/28/2015) ਅਤੇ ਅਕਤੂਬਰ ਪੱਚੀ, ਦੋ ਹਜ਼ਾਰ ਅਠਾਰਾਂ (10/25/2018) ਦੇ ਵਿਚਕਾਰ ਕੰਮ ਕੀਤਾ ਹੈ। ਅਮਰੀਕੀ ਕਿਰਤ ਵਿਭਾਗ (U.S. Department of Labor) ਕਰਮਚਾਰੀਆਂ ਨੂੰ ਸਿੱਧੇ ਤੌਰ 'ਤੇ ਪੈਸੇ ਵੰਡੇਗਾ।

ਤੁਹਾਡੇ ਕੋਲ ਕਿਸੇ ਵੀ ਪਿਛਲੀ ਤਨਖਾਹ ਦੀ ਪੂਰੀ ਰਕਮ (ਟੈਕਸਾਂ ਦੇ ਬਾਅਦ) ਪ੍ਰਾਪਤ ਕਰਨ ਅਤੇ ਤੁਹਾਡੇ ਤੋਂ ਬਕਾਇਆ ਹਰਜਾਨੇ ਦਾ ਨੁਕਸਾਨ ਪ੍ਰਾਪਤ ਕਰਨ ਦਾ ਅਧਿਕਾਰ ਹੈ। ਬਚਾਓ ਪੱਖ , ਜਾਂ ਉਨ੍ਹਾਂ ਦੀ ਤਰਫੋਂ ਕੰਮ ਕਰਨ ਵਾਲੇ ਕਿਸੇ ਵੀ ਵਿਅਕਤੀ ਲਈ ਇਹ ਪੈਸਾ ਵਾਪਸ ਮੰਗਣਾ ਕਾਨੂੰਨ ਦੇ ਵਿਰੁੱਧ ਹੈ। ਤੁਹਾਡੇ ਬੌਸ, ਮੈਨੇਜਰ, ਜਾਂ ਸੁਪਰਵਾਈਜ਼ਰ ਲਈ ਇਹ ਵੀ ਕਾਨੂੰਨ ਦੇ ਵਿਰੁੱਧ ਹੈ ਕਿ ਉਹ ਤੁਹਾਨੂੰ ਸਮਝੌਤੇ ਤੋਂ ਪੈਸੇ ਪ੍ਰਾਪਤ ਕਰਨ ਲਈ ਆਪਣੀ ਮੌਜੂਦਾ ਜਾਂ ਭਵਿੱਖ ਦੀ ਤਨਖਾਹ ਛੱਡਣ ਲਈ ਕਹੇ।

ਤੁਸੀਂ ਇੱਕ ਫੈਡਰਲ ਕਾਨੂੰਨ ਦੁਆਰਾ ਸੁਰੱਖਿਅਤ ਹੋ ਜਿਸਨੂੰ ਫੇਅਰ ਲੇਬਰ ਸਟੈਂਡਰਡਜ਼ ਐਕਟ (Fair Labor Standards Act, FLSA) ਕਿਹਾ ਜਾਂਦਾ ਹੈ। ਕਰਮਚਾਰੀਆਂ ਨੂੰ ਉਹਨਾਂ ਦੇ ਕੰਮ ਦੇ ਸਾਰੇ ਘੰਟਿਆਂ ਲਈ ਭੁਗਤਾਨ ਕਰਨ ਦਾ ਅਧਿਕਾਰ ਹੈ। ਕਰਮਚਾਰੀਆਂ ਨੂੰ "ਮੁਕਤ" (Exempt) ਕਰਮਚਾਰੀਆਂ ਨੂੰ ਛੱਡ ਕੇ, ਉਹਨਾਂ ਦੀ ਨਿਯਮਤ ਘੰਟੇ ਦੀ ਦਰ ਤੋਂ 1.5 ਗੁਣਾ ਓਵਰਟਾਈਮ ਤਨਖਾਹ ਪ੍ਰਾਪਤ ਕਰਨ ਦਾ ਅਧਿਕਾਰ ਵੀ ਹੈ।

ਤੁਹਾਡੇ ਰੁਜ਼ਗਾਰਦਾਤਾ ਲਈ ਤੁਹਾਨੂੰ ਨੌਕਰੀ ਤੋਂ ਕੱਢਣਾ, ਤੁਹਾਨੂੰ ਇਮੀਗ੍ਰੇਸ਼ਨ ਨੂੰ ਰਿਪੋਰਟ ਕਰਨਾ, ਕਿਸੇ ਵੀ ਤਰੀਕੇ ਨਾਲ ਤੁਹਾਡੇ ਵਿਰੁੱਧ ਬਦਲਾ ਲੈਣਾ (ਜਿਵੇਂ ਕਿ ਤੁਹਾਡੇ ਘੰਟੇ ਜਾਂ ਤਨਖਾਹ ਵਿੱਚ ਕਟੌਤੀ ਕਰਨਾ), ਜਾਂ ਇਹਨਾਂ ਵਿੱਚੋਂ ਕਿਸੇ ਵੀ ਚੀਜ਼ ਨੂੰ ਕਰਨ ਦੀ ਧਮਕੀ ਦੇਣਾ, ਪੈਸੇ ਸਵੀਕਾਰ ਕਰਨ ਜਾਂ ਇਸ ਨਿਪਟਾਰੇ ਦੇ ਹਿੱਸੇ ਵਜੋਂ ਤੁਹਾਨੂੰ ਅਦਾ ਕੀਤੇ ਗਏ ਕਿਸੇ ਵੀ ਪੈਸੇ

ਨੂੰ ਵਾਪਸ ਕਰਨ ਤੋਂ ਇਨਕਾਰ ਕਰਨ ਲਈ ਕਾਨੂੰਨ ਦੇ ਵਿਰੁੱਧ ਵੀ ਹੈ। ਤੁਹਾਡੇ ਰੁਜ਼ਗਾਰਦਾਤਾ ਨੂੰ ਅਮਰੀਕੀ ਕਿਰਤ ਵਿਭਾਗ (U.S Department of Labor) ਨੂੰ ਜਾਣਕਾਰੀ ਪ੍ਰਦਾਨ ਕਰਨ ਲਈ ਜਾਂ ਤੁਹਾਡੀਆਂ ਸਾਰੀਆਂ ਤਨਖਾਹਾਂ ਪ੍ਰਾਪਤ ਕਰਨ ਦੇ ਤੁਹਾਡੇ ਅਧਿਕਾਰਾਂ 'ਤੇ ਜ਼ੋਰ ਦੇਣ ਲਈ ਤੁਹਾਡੇ ਵਿਰੁੱਧ ਜਵਾਬੀ ਕਾਰਵਾਈ ਕਰਨ ਤੋਂ ਵੀ ਮਨਾਹੀ ਹੈ।

ਜੇ ਤੁਸੀਂ ਕਰਮਚਾਰੀ ਹੋ ਅਤੇ ਤੁਹਾਡੇ ਕੰਮ ਕੀਤੇ ਸਾਰੇ ਘੰਟਿਆਂ ਲਈ ਅਦਾਇਗੀ ਨਹੀਂ ਕੀਤੀ ਜਾਂਦੀ, ਜਿੰਨੇ ਘੰਟੇ ਤੁਸੀਂ ਕੰਮ ਕਰਦੇ ਹੋ, ਲਈ ਘੱਟੋ-ਘੱਟ ਤਨਖਾਹ ਨਹੀਂ ਦਿੱਤੀ ਜਾਂਦੀ, ਓਵਰਟਾਈਮ ਨਹੀਂ ਦਿੱਤਾ ਜਾਂਦਾ, ਜੇ ਤੁਹਾਨੂੰ ਆਪਣੇ ਸਮਝੌਤੇ ਦੇ ਪੈਸੇ ਵਾਪਸ ਕਰਨ ਲਈ ਕਿਹਾ ਗਿਆ ਹੈ, ਜੇਕਰ ਤੁਹਾਨੂੰ ਵਿਸ਼ਵਾਸ ਹੈ ਕਿ ਤੁਹਾਡੇ ਵਿਰੁੱਧ ਜਵਾਬੀ ਕਾਰਵਾਈ ਕੀਤੀ ਗਈ ਹੈ, ਜਾਂ ਜੇ ਤੁਹਾਨੂੰ ਆਪਣੀ ਸੰਪਰਕ ਜਾਣਕਾਰੀ ਨੂੰ ਅਪਡੇਟ ਕਰਨ ਦੀ ਜ਼ਰੂਰਤ ਹੈ, ਤਾਂ ਕਿਰਪਾ ਕਰਕੇ (845) 313-0107 'ਤੇ ਅਮਰੀਕੀ ਕਿਰਤ ਵਿਭਾਗ ਨੂੰ ਕਾਲ ਕਰੋ। ਤੁਹਾਡਾ ਨਾਮ ਕਾਨੂੰਨ ਦੁਆਰਾ ਪ੍ਰਵਾਨਤ ਅਧਿਕਤਮ ਹੱਦ ਤੱਕ ਗੁਪਤ ਰੱਖਿਆ ਜਾਵੇਗਾ।

**Su v. MBB Services Inc., et al., No. 22-cv-2206 (S.D.N.Y.) (JHR)(RWL)**

## सहमति निर्णय - ऐग्ज़िबिट D

## कर्मचारियों को नोटिस – हिंदी

Jagjit Singh और उनकी 15 कंपनियां ने अमेरिकी श्रम विभाग (U.S. Department of Labor) के साथ मुक्कदमा तय कर लिया है और अपने कर्मचारियों से संबंधित समझौता कर लिया है। निपटान समझौते को एक न्यायाधीश द्वारा अनुमोदित किया गया है और निम्नलिखित स्थानों से संबंधित है:

- MBB 1881 Tremont Avenue, Bronx
- Sunoco 3305 East Tremont Avenue, Bronx
- Sunoco 820 East 182nd Street, Bronx
- Sunoco 136 North Wellwood Avenue, Lindenhurst
- Sunoco Food Mart 150 Fulton Street, Farmingdale
- Mobil 278 W Main Street, Smithtown
- Mobil 635 East Main Street, Kings Park
- Sunoco 720 Hillside Avenue, New Hyde Park
- BP 771 Peninsula Boulevard, Hempstead
- Euro Gas 848 Willis Avenue, Albertson
- Sunoco 85 North Main Street, Freeport
- 24 Hour Minimart 105 Sheridan Boulevard, Inwood
- Sunoco 20 Sheridan Boulevard, Inwood
- JTP 139 Jericho Turnpike, Floral Park
- US Petroleum, 1575 Route 112, Port Jefferson

निपटान समझौते के तहित, बचाव पक्ष कुछ वर्तमान और पूर्व कर्मचारियों के लिए अमेरिकी श्रम विभाग मजदूरी का भुगतान करेंगे, जिन्होंने 10/28/2015 को 10/25/2018 पर काम किया था । श्रम विभाग सीधे कर्मचारियों को वापस मजदूरी वितरित करेगा।

आपके पास किसी भी बकाया मज़दूरी (करों के बाद) की पूरी राशि प्राप्त करने और आपके द्वारा बकाया हरजाने का नुकसान प्राप्त करने का अधिकार है। बचाव पक्ष या कोई भी व्यक्ति जो उनकी तरफ़ से कार्य करता है, के लिए इस धन को वापस मांगना कानून के खिलाफ़ है। आपके बॉस, मैनेजर या सुपरवाइजर द्वारा आपसे समझौते से धन प्राप्त करने के लिए वर्तमान या भविष्य के वेतन छोड़ने के लिए कहना कानून के खिलाफ़ है।

आप फेयर लेबर स्टैंडर्ड्स एक्ट (Fair Labor Standards Act, FLSA) द्वारा सुरक्षित हैं । नियोक्ता को काम किए गए सभी घंटों के लिए कर्मचारियों का भुगतान करना होगा । उन कर्मचारियों को छोड़कर जो अनुचित हैं, कर्मचारियों को ओवरटाइम वेतन पाने का अधिकार है, कर्मचारी के नियमित वेतन भुगतान की दर से कम से कम 1.5 गुना की दर मिलना चाहिए ।

नियोक्ता द्वारा आपको नौकरी से निकालना, इमीग्रेशन को आपके प्रति सूचित करना, किसी भी ढंग से आपके खिलाफ़ जवाबी कार्यवाही करना (जैसे कि आपके काम किए गए सभी घंटों या वेतन में कटौती करना) या अमेरिकी श्रम विभाग के साथ बंदोबस्त ते तहित समझौते के पैसे स्वीकार करना या आपको भुगतान किए हुए पैसे को वापिस करने से इनकार करने कि लिए इनमें से कुछ भी करने की धमकी देना कानून के खिलाफ़ है। आपके नियोक्ता को अमेरिकी श्रम विभाग को जानकारी प्रदान करने और/या आपके द्वारा काम किए गए घंटों के लिए न्यूनतम वेतन के लिए आपके खिलाफ़ प्रतिशोध लेने पर भी प्रतिबंध है ।

यदि आप एक कर्मचारी हैं और आपके द्वारा काम किए गए सभी घंटों के लिए भुगतान नहीं किया जाता है, आपके द्वारा काम किए जाने वाले सभी घंटों के लिए न्यूनतम वेतन का भुगतान नहीं किया जाता है, ओवरटाइम का भुगतान नहीं किया जाता है, यदि आपको अपने निपटान के पैसे वापस करने के लिए कहा गया है, यदि आपके खिलाफ प्रतिशोध लिया गया है, या यदि आपको अपनी संपर्क जानकारी अपडेट करने की आवश्यकता है, तो कृपया अमेरिकी श्रम विभाग को (516) 338-1890 पर कॉल करें। आपका नाम कानून द्वारा अनुमत अधिकतम सीमा तक गोपनीय रखा जाएगा।

14. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of Defendants not listed on Exhibit A of this Consent Judgment, be they current or former employees, to file any action against defendants under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Consent Judgment to file any action against Defendants under section 16(b) of the Act for any violations alleged to have occurred after October 25, 2018.

15. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

16. The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

SO ORDERED:

DATED:        August 27    , 2024
              New York, New York

HON. JENNIFER H. REARDEN
UNITED STATES DISTRICT JUDGE

Defendants have appeared by counsel and hereby consent to the entry of this Judgment.

MBB SERVICES INC.

BY:        _____        8/22/24

JAGJIT SINGH                                      DATE

TREMONT GAS INC.

BY:        _____        8/22/24

JAGJIT SINGH                                      DATE

13